# Exhibit D

Alejandro P. Gutierrez, SBN 107688
*Alex@apgutierrezlaw.com*
Law Offices of Alejandro P Gutierrez Inc
2100 Hillcrest Drive
Ventura, CA 93001
Tel: (805) 477-8373

Daniel J. Palay, SBN 159348
*djp@calemploymentcounsel.com*
Brian D. Hefelfinger, SBN 253054
*bdh@calemploymentcounsel.com*
**PALAY HEFELFINGER, APC**
1746 S. Victoria Avenue, Suite 230
Ventura, California 93001
Tel: (805) 628-8220

Attorneys for Plaintiffs, ANGELA TISDALE
Individually; TERRENCE PRATT, individually,
and on behalf of the Proposed Class

## SUPERIOR COURT OF THE STATE OF CALIFORNIA

## FOR THE COUNTY OF LOS ANGELES (UNLIMITED)

| | |
|---|---|
| ANGELA TISDALE, an individual; TERRENCE PRATT, an individual, on behalf of themselves and all others similarly situated,<br><br>Plaintiffs,<br><br>v.<br><br>APRIA HEALTHCARE LLC, a Delaware Limited Liability Company.<br><br>Defendant. | Case No.  24STCV16583<br><br>**FIRST AMENDED CLASS-ACTION COMPLAINT FOR:**<br>1. Violation of California Labor Code §§510 and 1198 (Unpaid Overtime);<br>2. Violation of Labor Code §§ 1194, 1197, and 1197.1 (Unpaid Minimum Wages);<br>3. Violation of Labor Code §§ 201, 202 and 203 (Wages Not Timely Paid Upon Termination);<br>4. Violation of Labor Code §226.7 (Unpaid Rest Break Premiums);<br>5. Violation of Labor Code § 226.7 (Unpaid Meal Break Premiums);<br>6. Violation of Labor Code § 226(a) (Non-Compliant Wage Statements);<br>7. Violation of California Labor Code §§ 2800 and 2802 (Unpaid Business Expenses);<br>8. Violation of The Unfair Competition Law (Bus. & Prof. Code §17200, *et seq.*);<br>9. Civil Penalties Under the Private Attorney Generals Act of 2004 (*Labor Code* § 2699 et seq.) |

-1-
**FIRST AMENDED COMPLAINT**

Plaintiffs, individually and on behalf of all other members of the public similarly situated, allege as follows:

### INTRODUCTION

1.    This is a class action brought pursuant to California Code of Civil Procedure section 382 on behalf of a group of drivers who were and are misclassified by Defendant as independent contractors.

2.    APRIA HEALTHCARE LLC (herein referred to as "APRIA") provides home respiratory therapy, negative pressure wound therapy, home enteral nutrition therapy and support, and home medical equipment. APRIA advertises itself as one of the nation's largest and leading home healthcare companies.  As noted on its website, Defendant APRIA has 25 branches in the State of California.  Defendant operates a delivery system consisting of branch offices in California from as far south as San Diego to as far north as San Jose where, as relevant herein, Defendant delivers and picks up home medical equipment. While Defendant has drivers who it has treated as employees who are paid W-2 wages and are provided vehicles and phones for deliveries and pick-up services, Defendant also utilizes other drivers to provide the delivery and pick up services, who performed the large part of the delivery and pick-up of medical equipment, which drivers Defendant has intentionally,  but improperly and illegally, classified as independent contractors rather than employees.

3.    As a direct result of Defendant's intentional misclassification of drivers as independent contractors as opposed to employees, Defendant denied its drivers a number of wage and hour protections provided by the California Labor Code and California Industrial Welfare Commission ("IWC") Wage Orders, including overtime wages, minimum wages, meal and rest breaks and reimbursement of work-related expenses. The reality of the independent contractor scheme utilized by Defendant is that Plaintiffs and the Class Members are, in fact, employees according to the law. As relevant herein, Defendant is in the business of providing home medical equipment throughout the state of California, and Plaintiffs and the Class Members are Defendant's home medical equipment personnel. Plaintiffs and the Class Members' work, i.e. delivering and picking up home medical

2
**FIRST AMENDED COMPLAINT**

equipment, is not a distinct occupation or an incidental or tangential part of Defendant's business operations, but rather such work is central to Defendant's business. Defendant provides the vast majority of the tools, equipment and locations where Plaintiffs and the Class Members do and did their work, including but not limited to, the medical equipment to be delivered, the delivery addresses, and order of deliveries, the documentation necessary to show the deliveries made including the documents that support the input throughout the day regarding changes to scheduled deliveries, etc. Plaintiffs and Class Members must appear at Defendant's home medical equipment distribution locations to pick up the home medical equipment to be delivered, are provided with Route Sheets, which include the date, the branch location, the route number, the "employee" driver's name and number, the homeowners' names, addresses and order of delivery, and blank spaces for the driver to indicate starting miles, finishing miles and total miles driven in the day, and start, end, and total hours worked (in military time). The Route Sheets also include an "Employee Signature" line for the driver to sign. The Route Sheets also include the following language below the Employee Signature line: "I acknowledge that by signing this form the miles submitted are accurate, for business purposes, and conform to Apria's mileage reimbursement policies." On information and belief, Plaintiffs allege that they and other Class Members' delivery duties were tracked via GPS by Defendant the entire time they were working. Plaintiffs and the Class Members are required by Defendant to track hours worked and miles driven each day.  Plaintiffs and Class Members were not free from the control and direction of the Defendant nor did they perform work which was outside the usual course of business of the Defendant.

4.    The job duties that Plaintiffs and Class Members perform/performed for Defendant are not those done by a specialist and require no special skill. Plaintiffs are informed and believe that the vast majority of drivers the Defendant hire as "independent contractors" work for Defendant on a full-time, long-term basis. Defendant pays/paid drivers, albeit through a separate company, a daily fixed rate, which was the only form of pay received by Plaintiffs and the Class Members.

5.    In order to create a façade that its drivers are independent contractors, Defendant uses various middlemen to create a fictitious layer between its delivery operations and its drivers, but

3
<strong>FIRST AMENDED COMPLAINT</strong>

Defendant at all times provides/provided all instructions to Plaintiffs and the Class Members.

6.      Defendant's conduct constitutes an intentional and willful practice of misclassification of employees. As a result of Defendant's conduct, Plaintiffs and the Class Members have been deprived of overtime pay, minimum wages, meal and rest breaks, and business expense reimbursements. Plaintiffs, on behalf of themselves and all other similarly situated persons, seek all available remedies as set forth below resulting from Defendant's conduct.

## JURISDICTION AND VENUE

7.      This class action is within the court's jurisdiction under California Labor Code §§ 226, 226.7, 510, 512, 1194, 1197, 1194 and 2802, an IWC Wage Order and the California Unfair Competition law (the "UCL"), Business and Professions Code § 17200, et seq.

8.      At all relevant times Plaintiffs were citizens of California because their domicile is/was in California.

9.      On information and belief, Defendant APRIA HEALTHCARE LLC is a Delaware Limited Liability Company with its headquarters located in Lake Forest, California.

10.      On information and belief, Plaintiffs allege that at all relevant times Defendant has been the nation's largest providers of home medical equipment, including walkers, wheelchairs, hospital beds and wound therapy devices, with over 300 branches nationwide, including approximately 25 branches California. Defendant's in-state activities are substantial, continuous and systematic and gave rise to the liabilities sued upon herein. This court has jurisdiction over Defendant because it conducts substantial business in California and have intentionally availed itself of the laws and markets of California through the operation of their business in California.

11.      The monetary damages, restitution and injunctive relief sought by Plaintiffs and the Class Members exceed the minimal jurisdiction limits of the Superior Court and will be established according to proof at trial. Based upon information and investigation as of the filing date of this complaint, Plaintiffs allege that the amount in controversy for herself and each class member, including claims for monetary damages, restitution, penalties, injunctive relief, and pro rata share of attorney's fees, is less than seventy-five thousand dollars ($75,000) and that the aggregate amount in controversy for the

4
**FIRST AMENDED COMPLAINT**

proposed class action, including monetary damages, restitution, penalties, injunctive relief, and attorney's fees, is less than five million dollars ($5,000,000), exclusive of interest and costs. Plaintiffs reserve the right to seek a larger amount based on new and different information and resulting from discovery and investigation.

## THE PARTIES

### Plaintiffs

12.    Plaintiff Tisdale was, and is, a victim of Defendant's policies and/or practices complained of herein, lost money and/or property, and has been deprived of the rights guaranteed to her by California Labor Code §§ 201, 202, 203, 226.7, 512, 516, 558, 1194, 1197, 1197.1, 2775 and 2802; California Business and Professions Code § 17200, *et seq*., and an IWC Wage Order. At all times relevant herein, Plaintiff was a resident of Woodland Hills, California, in Los Angeles County.

13.    Plaintiff Pratt was, and is, a victim of Defendant's policies and/or practices complained of herein, lost money and/or property, and has been deprived of the rights guaranteed to her by California Labor Code §§ 201, 202, 203, 226, 226.7, 512, 516, 558, 1194, 1197, 1197.1, 2775 and 2802; California Business and Professions Code § 17200, *et seq*., and an IWC Wage Order. At all times relevant herein, Plaintiff was a resident of Monrovia, California, in Los Angeles County.

### Defendant

14.    Plaintiffs are informed, believe and thereon allege that, at all times pertinent hereto, Defendant APRIA HEALTHCARE, LLC is a Delaware Limited Liability Company with its headquarters in Forest Hills, California, and has at least 25 branch offices it operates in California.

15.    Based on information and belief, Defendant had the authority to, directly or indirectly, or through an agent or other person, employ or exercise control over Plaintiffs' and the Class Members wages, hours, and working conditions.

16.    Based on information and belief, Defendant had knowledge of the wage-and-hour violations alleged herein and had the power to prevent the violations from occurring. Having knowledge of the wage-and-hour violations set forth in this Complaint, Defendant could have but failed to prevent the violations from occurring.

17.    At all relevant times, Defendant did, and still does, transact and conduct business in the State of California, including, but not limited to, the County of Los Angeles and within the jurisdiction of this Court.

18.    At all times mentioned in the causes of action alleged herein, all actions of Defendant, as alleged in the causes of action stated herein, were ratified and approved by its officers or managing agents.

## CLASS ALLEGATIONS

19.    Plaintiffs bring this action on their own behalf, as well as on behalf of all other persons similarly situated, and thus seek class certification pursuant to California Code of Civil Procedure §382 for the time period **after** September 14, 2021.

20.    All claims alleged herein arise under California law for which Plaintiffs seek relief and remedies authorized by California law.

21.    Plaintiffs' proposed class consists of and is defined as follows:

**All individuals who worked for Defendant in California as drivers and are/were classified as independent contractors at any time during the period of September 15, 2021 through the date of certification ("Class"). The "Class" does not include any drivers who worked for Fed Ex, UPS or the United States Postal Service.**

22.    Members of the Class are referred to in this Complaint as "Class Members."

23.    Plaintiffs reserve the right to redefine the class and to add subclasses as appropriate based on further discovery and specific theories of liability.

24.    There are common questions of law and fact as to Class Members that predominate over questions affecting only individual members, including, but not limited to:

(a)    Whether Defendant improperly classified Plaintiffs and Class Members as "independent contractors" rather than employees;

(b)    Whether Defendant required Plaintiffs and the Class Members to work over eight (8) hours per day, over twelve (12) hours per day, and/or over forty (40) hours per week and failed to pay legally mandated overtime compensation to Plaintiffs and the Class Members;

6
**FIRST AMENDED COMPLAINT**

(c)    Whether Defendant deprived Plaintiffs and Class Members of minimum wages;

(d)    Whether Defendant deprived Plaintiffs and Class Members of meal periods or required Plaintiffs and Class Members to work during meal periods without compensation;

(e)    Whether Defendant deprived Plaintiffs and Class Members of rest periods or required Plaintiffs and Class Members to work during rest periods without compensation;

(f)    Whether Defendant complied with wage statement reporting as required by California Labor Code section 226(a);

(g)    Whether Defendant failed to reimburse Plaintiffs and Class Members for necessary and required business-related expenses and/or losses incurred by them in the performance of their work;

(h)    Whether Defendant failed to timely pay wages due to Plaintiffs and Class Members during their employment;

(i)    Whether Defendant failed to timely pay wages due to Plaintiffs and Class Members upon their discharge;

(j) Whether Defendant's failure to pay wages, without abatement or reduction, in accordance with the Labor Code, was willful or reckless;

(k) Whether Defendant engaged in unfair business practices in violation of California Business & Professions Codd sections 17200, *et seq*.; and,

(l) The appropriate amount of damages, restitution, or monetary penalties and injunctive relief resulting from Defendant's violations of California law.

25.    There is a well-defined community of interest in the litigation and the class is readily ascertainable.:

(a) Numerosity: The Class Members are so numerous that joinder of all members would be unfeasible and impractical. The Class Members are unknown to Plaintiffs at this time; however, the class is estimated to be over one hundred (100) and the identity of such members is readily ascertainable by inspection of Defendant's and third-party records.

(b) Typicality: Plaintiffs are qualified to, and will, fairly and adequately protect the

7

**FIRST AMENDED COMPLAINT**

interests of each class member with whom they have a well-defined community of interest, and Plaintiffs' claims (or defenses, if any) are typical of the Class Members as demonstrated herein.

(c) Adequacy: Plaintiffs are qualified to, and will, fairly and adequately protect the interests of each class member with whom they have a well-defined community of interest and typicality of claims. Plaintiffs acknowledge that they have an obligation to make known to the Court any relationship, conflicts or differences with any class member. Plaintiffs' attorneys, the proposed class counsel, are versed in the rules governing class action discovery, certification, and settlement. Plaintiffs has incurred and through the duration of this action, and will continue to incur costs and attorneys' fees that have been, are and will continue to be necessarily expended for the prosecution of this action for the benefit of the Class Members.

(d) Superiority: The nature of this action makes the use of the class action method of adjudication superior to other methods. A class action will achieve economies of time, effort, expense and use of the Court staff as compared to separate lawsuits, and will avoid inconsistent outcomes because the same issues can be adjudicated in the same manner and at the same time for all Class Members.

(e) Public Policy Considerations: Employers in California violate Labor laws every day. Current employees are often afraid to assert their rights out of fear of reprisal. Former employees are fearful of bringing actions because they fear that former employers might adversely impact future employment through negative references. Class actions provide the Class Members who are not named in the complaint with the anonymity that allows for vindication of employment rights while maintaining privacy.

## GENERAL ALLEGATIONS

26.     Defendant operates a home medical equipment distribution company. As relevant herein, Defendant's main business is to deliver and pick up home medical equipment.

27.     Defendant operates its home medical equipment delivery service using drivers who need no special skills. As part of the independent contractor scheme, Defendant utilizes third parties to create the illusion of separation between Defendant and the drivers. Defendant pays drivers through

various other entities often utilizing a daily rate of pay. Defendant requires each driver to track miles driven each day to identify themselves as employees pursuant to a "Route Sheet" and to list the start and finish work times, the total hours worked and the miles driven delivering for Defendant.

28.    Defendant exercises pervasive and systematic control over scheduling, deliveries, including the equipment being delivered, and the routes, including the sequence of deliveries, effectively determining the drivers' shifts, working hours, and working conditions. For example, Defendant assigns drivers specific Route Sheets, which include the address for each delivery and the sequence of the day's deliveries, and mandate deliveries throughout the day, which the drivers are not permitted to alter. Defendant also maintains control over the fees charged to customers.

29.    Plaintiffs and the Class Members were and are forced to regularly work over eight (8) hours a day and over forty (40) hours a week, as Defendant assigns drivers specific routes which they are responsible for serving which include a number of assigned daily deliveries. Because Plaintiffs and Class Members are often required to work over ten (10) hours a day to complete the daily deliveries, they have no choice but to work over eight hours per day.

30.    Defendant's misclassification of Plaintiffs and the Class Members as independent contractors is intentional, unjustified and unlawful. Under the "economic realities test" and the "ABC test" set out in the California Supreme Court Case of *Dynamex Operations W. v. Superior Court* (2019) 4 Cal. 5th 903, and California Labor Code §2775, Plaintiffs and the Class Members are Defendant's employees. As a result of the misclassification, Defendant has violated numerous wage and hour provisions, including but in no way limited to, failing to pay at least minimum wages for all hours worked, failing to pay overtime wages for all overtime hours worked, failing to provide meal and rest breaks, failing to reimburse for necessary and reasonable business-related expenses, and not paying all wages due during employment and upon termination or resignation.

31.    Pursuant to California Labor Code §§ 2775 and 3357, Plaintiffs and other Class Members are entitled to a presumption that they are in fact employees of Defendant.

32.    Defendant employed Plaintiff Tisdale as a driver from in or about September 2022

9

**FIRST AMENDED COMPLAINT**

1  through in or about February 15, 2023, but knowingly and willfully misclassified her as an

2  independent contractor and on that basis committed the violations against her as set forth herein.

3      33.    Defendant employed Plaintiff Pratt as a driver from in or about July 2023 through in

4  or about October 2023 but knowingly and willfully misclassified him as an independent contractor

5  and on that basis committed the violations against him as set forth herein.

6      34.    Defendant continues to employ drivers in various locations throughout California and

7  continue to intentionally misclassify the employees as independent contractors.

8      35.    Plaintiffs are informed and believe, and thereon allege, that Defendant knew or should

9  have known that Plaintiffs and Class Members were entitled to receive certain wages for overtime

10  compensation and that they were not receiving certain wages for overtime compensation because

11  Plaintiffs and Class Members provided Defendant with records of total hours worked each day, and

12  the records showed overtime hours worked.

13      36.    Plaintiffs are informed and believe, and thereon allege, that Defendant knew or should

14  have known that Plaintiffs and Class Members were entitled to receive all meal periods or payment

15  of one (1) additional hour of pay at Plaintiffs' and the Class Members' regular rate of pay when they

16  did not receive a timely uninterrupted meal period, and that they did not receive all meal periods

17  or payment of one (1) additional hour of pay at Plaintiffs' and Class Members' regular rate of pay

18  when they did not receive a timely uninterrupted meal period.

19

20      37.    Plaintiffs are informed and believe, and thereon allege, that Defendant knew or should

21  have known that Plaintiffs and Class Members were entitled to receive all rest periods or payment

22  of one (1) additional hour of pay at Plaintiffs' and the Class Members' regular rate of pay when they

23  did not receive a timely uninterrupted rest period, and that they did not receive all rest periods or

24  payment of one (1) additional hour of pay at Plaintiffs' and Class Members' regular rate of pay

25  when they did not receive a timely uninterrupted rest period.

26      38.    Plaintiffs are informed ad believe, and thereon allege, that Defendant knew or should

27  have known that Plaintiffs and Class Members were entitled to receive complete and accurate wage

28  statements in accordance with California Labor Code section 226(a).  In violation of the California

10

**FIRST AMENDED COMPLAINT**

Labor Code section 226(a), Plaintiff Terrence Pratt and Class Members were not provided with compliant wage statements.

39.    Plaintiffs are informed and believe, and thereon allege, that Defendant knew or should have known that Plaintiffs and Class Members were entitled to receive reimbursement for all business-related expenses, including vehicle gas, maintenance and repairs, phone, and other necessary business expenses, during the course of their employment and that they did not receive reimbursement of business-related expenses Plaintiffs and Class Members incurred.

40.    Plaintiffs are informed and believe, and thereon allege, that Defendant knew or should have known that Plaintiffs and Class Members were entitled to receive timely wages during their employment. In violation of the California Labor Code, Plaintiffs and Class Members did not receive payment of all wages, including but in no way limited to, overtime wages and minimum wages.

41.    Plaintiffs are informed and believe, and thereon allege, that Defendant knew or should have known that Plaintiffs and Class Members were entitled to receive all wages upon termination or resignation, including but in no way limited to, overtime wages and minimum wages.

## FIRST CAUSE OF ACTION

### Violation of California Labor Code §§ 510 and 1198-Unpaid Overtime Wages

### (Against Defendant)

42.    Plaintiffs incorporate all preceding and subsequent paragraphs as though fully set forth herein.

43.    At all relevant times, Plaintiffs and the Class Members were employees of Defendant covered by California Labor Code §§ 510 and 1198, and an IWC Wage Order.

44.    California Labor Code § 1198 makes it illegal to employ an employee under conditions of labor that are prohibited by the applicable wage order. California Labor Code §1198 provides that the "… standard conditions of labor fixed by the commission shall be the … standard conditions of labor for employees. The employment of any employee… under conditions of labor prohibited by the order is unlawful."

**FIRST AMENDED COMPLAINT**

45.    California Labor Code §1198 and the applicable IWC Wage Order provide that it is unlawful to employ persons without compensating them at a rate of pay either time -and-one-half or two times that person's regular rate of pay, depending on the number of overtime hours worked by the person on a daily or weekly basis.

46.    The applicable IWC Wage Order provides that Defendant is and was required to pay Plaintiffs and Class Members employed by Defendant, and working more than eight (8) hours in a day or more than forty (40) hours in a week, at a rate of time-and-one-half regular rate of pay for all hours worked in excess of eight (8) hours in a day or forty (40) hours in a week, and two (2) times the regular rate of pay for all hours in excess of twelve (12) hours in a day.

47.    California Labor Code §510 codifies the right to overtime compensation at one and one half times the regular rate for hours worked in in excess of eight (8) hours in a day or forty (40) hours in a week, and two (2) times the regular rate of pay for all hours in excess of twelve (12) hours in a day or in excess of eight (8) hours on the seventh consecutive day.

48.    At all relevant times, Plaintiffs and the Class Members worked in excess of eight (8) hours in a day, in excess of twelve (12) hours in a day, and/or in excess of forty (40) hours in a week. Because Defendant misclassified Plaintiffs and the Class Members as independent contractors, Defendant did not pay any hourly rate to them. During the relevant time period, Defendant willfully failed to pay Plaintiffs and the Class Members overtime compensation as required by California law and, therefore, violated California Labor Code sections 510 and 1198, as well as the applicable IWC Wage Order.

49.    Pursuant to California Labor Code §1194, Plaintiffs and the Class Members are entitled to recover their unpaid overtime compensation, together with interest, costs and attorneys' fees.

/ / /

/ / /

/ / /

/ / /

Page 000108 Exhibit D

### SECOND CAUSE OF ACTION

**Violation of California Labor Code §§ 1194, 1197**

**And 1197.1-Unpaid Minimum Wages**

**(Against Defendant)**

50.    Plaintiffs incorporate all preceding and subsequent paragraphs as though fully set forth herein.

51.    At all relevant times, Plaintiffs and the Class Members were employees of Defendant covered by Labor Code §§ 1194, 1197 and 1197.1 which provided that the minimum wage for employees fixed by the IWC is the minimum wage to be paid to employees, and the payment of a wage less than the minimum wage so fixed is unlawful. As describe hereinabove, Plaintiffs and the class members were misclassified as independent contractors and were not paid an hourly wage. Plaintiffs and Class Members were not paid even a minimum wage for all hours worked as a result of being paid a daily wage instead. Plaintiffs and the Class Members were not paid the minimum wage for off the clock work, and the wages paid to them were not sufficient to compensate Plaintiffs and the class members for all hours they worked at a minimum wage rate on a cumulative basis. Defendant regularly failed to pay at least minimum wages to Plaintiffs and the Class Members for all hours they worked in violation of California Labor Code §§1194, 1197 and 1197.1. Further, Defendant did not remit payment for overtime pay their proportionate share of FICA as required by law, requiring each class member to make such payment.

52.    Because Defendant's failure to pay Plaintiffs and the Class Members the minimum wages as required by Labor Code §§1194, 1197 and 1197.1, Plaintiffs and the Class Members are entitled to recover the unpaid balance of their minimum wage compensation, together with interest, costs and attorneys' fees.

53.    Pursuant to Labor Code §1194.2, Plaintiffs and the Class Members are entitled to recover liquidated damages in an amount equal to the wages unlawfully unpaid and interest thereon.

/ / /

/ / /

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

### **THIRD CAUSE OF ACTION**

**Violation of Labor Code §  226.7-Unpaid Rest Period Premiums**

**(Against Defendant)**

54.      Plaintiffs reallege and incorporate herein by reference each allegation in the preceding and subsequent paragraphs.

55.      At all relevant times, Plaintiffs and the Class Members were employees of Defendant, covered by California Labor Code § 226.7 and the applicable IWC Wage Order.

56.      Labor Code § 226.7(b) provides that an employer shall not require an employee to work during a meal or rest or recovery period mandated pursuant to an applicable statute, or applicable regulation, standard, or order of the Industrial Welfare Commission . . .

57.      Subdivision 12(A) of the applicable IWC Wage Order provides in pertinent part that:

Every employer shall authorize and permit all employees to take rest periods, which insofar as practicable shall be in the middle of each work period. The authorized rest period time shall be based on the total hours worked daily at the rate of ten (10) minutes net rest time per four (4) hours or major fraction thereof. However, a rest period need not be authorized for employees whose total daily work time is less than three and one-half (3½) hours. Authorized rest period time shall be counted as hours worked for which there shall be no deduction from wages.

58.      At all relevant times herein, Defendant failed to authorize and permit Plaintiffs and the Class Members to take compliant paid rest periods.

59.      Labor Code § 226.7(c) provides that:

If an employer fails to provide an employee a meal or rest or recovery period in accordance with a state law, including, but not limited to, an applicable statute or applicable regulation, standard, or order of the Industrial Welfare Commission . . . the employer shall pay the employee one additional hour of pay at the employee's regular rate of compensation for each workday that the meal or rest or recovery period is not provided.

60.      Similarly, the applicable IWC Wage Order provides that:

If an employer fails to provide a rest period in accordance with the applicable provisions of this order, the employer shall pay the employee one (1) hour of pay at the employee's regular rate of compensation for each workday that the rest period is not provided.

14

**FIRST AMENDED COMPLAINT**

61.    Defendant violated Labor Code § 226.7 and the IWC Wage Order by failing to compensate Plaintiffs and the Class Members with one hour of pay at their regular rate of compensation for each work day that a compliant rest period was not provided.

62.    As a result of Defendant's unlawful conduct, Plaintiffs and the Class Members have suffered damages in an amount, subject to proof, to the extent they were not paid additional pay owed for unprovided rest periods at the lawful rate of pay.

63.    Pursuant to Labor Code § 218, Plaintiffs and the Class Members are entitled to recover the full amount of their unpaid additional wages for non-compliant rest periods. Pursuant to Labor Code § 218.5, Plaintiffs and the Class Members are entitled to recover their reasonable attorney's fees and costs of suit. Pursuant to Labor Code § 218.6 and/or Civil Code § 3287(a), Plaintiffs and the Class Members are entitled to recover prejudgment interest on the additional wages owed for denied meal periods at the lawful rate of pay.

## FOURTH CAUSE OF ACTION

### Violation of Labor Code §§ 226.7 and 512(a)-Unpaid Meal Period Premiums

### (Against Defendant)

64.    Plaintiffs reallege and incorporate herein by reference each allegation in the preceding and subsequent paragraphs.

65.    At all relevant times, Plaintiffs and the Class Members were employees of Defendant, covered by Labor Code §§226.7 and 512 and the applicable IWC Wage Order.

66.    Pursuant to Labor Code §§ 226.7 and 512, and the applicable IWC Wage Order, Plaintiffs and the Class Members were entitled to a meal period of at least thirty (30) minutes for each workday that they worked more than five (5) hours, and a second meal period of at least thirty (30) minutes for each workday they worked more than ten (10) hours.

67.    Defendant failed to provide Plaintiffs and the Class Members meal periods in accordance with Labor Code §§ 226.7 and 512, and an IWC Wage Order.. As a result, in accordance with Defendant's corporate policy and practice, Plaintiffs and the Class Members therefore forfeited meal periods without receiving premium pay under California law.

15
**FIRST AMENDED COMPLAINT**

68.     Labor Code § 226.7(c) provides that if an employer fails to provide an employee a meal or rest or recovery period in accordance with a state law, including, but not limited to, an applicable statute or applicable regulation, standard, or order of the Industrial Welfare Commission, the employer shall pay the employee one additional hour of pay at the employee's regular rate of compensation for each workday that the meal or rest or recovery period is not provided.

69.     The applicable IWC Wage Order  provides that if an employer fails to provide an employee a meal period in accordance with the applicable provisions of this order, the employer shall pay the employee one (1) hour of pay at the employee's regular rate of compensation for each workday that the meal period is not provided.

70.     Defendant violated Labor Code §226.7 and the IWC Wage Order by failing to compensate Plaintiffs and the Class Members for meal periods at the rate of one hour of pay at the regular rate of compensation for each work day that the meal periods were not provided.

71.     Plaintiffs and the Class Members did not voluntarily or willfully waive their meal periods.

72.     As a result of Defendant's unlawful conduct, Plaintiffs and the Class Members have suffered damages in an amount, subject to proof, to the extent they were not paid additional premium wages at the lawful rate of pay for days when all required meal periods were not provided.

73.     Pursuant to Labor Code § 218, Plaintiffs and the Class Members are entitled to recover the full amount of their unpaid additional wages for missed meal periods. Pursuant to Labor Code § 218.5, Plaintiffs and the Class Members are entitled to recover their reasonable attorney's fees and costs of suit. Pursuant to Labor Code § 218.6 and/or Civil Code § 3287(a), Plaintiffs and the Class Members are entitled to recover prejudgment interest on the additional wages owed for denied meal periods at the lawful rate of pay.

### FIFTH CAUSE OF ACTION

**Violation of Labor Code §§ 201, 202, and 203- Wages Not Timely Paid Upon Termination**

**(Against Defendant)**

74.     Plaintiffs incorporate by reference and re-allege each and every one of the allegations

contained in the preceding and foregoing paragraphs of this Complaint as if fully set forth herein.

75.     Labor Code § 201 provides, in relevant part, "If an employer discharges an employee, the wages earned and unpaid at the time of discharge are due and payable immediately." Lab. Code §201(a). Defendant did not pay immediately all wages earned and unpaid upon employee termination. Defendant has refused and continues to refuse to pay said wages.

76.     Labor Code § 202 provides, in relevant part, "If an employee not having a contract for a definite period quits his or her employment, his or her wages shall become due and payable not later than 72 hours thereafter, unless the employee has given 72 hours previous notice of his or her intention to quit, in which case the employee is entitled to his or her wages at the time of quitting." Lab. Code § 202(a). Defendant did not pay immediately all wages earned and unpaid to Plaintiffs and the Class upon their resignation. Defendant has refused and continues to refuse to pay said wages.

77.     Pursuant to Labor Code §203, Defendant has willfully failed to pay without abatement or reduction, in accordance with Labor Code §§201 and 202, all wages of Plaintiffs and the Class Members, as alleged herein. Plaintiffs and the Class seek wages and waiting-time penalties pursuant to Labor Code §203. These penalties consist of up to 30 days of pay for Plaintiffs and the class at their regular rate of pay.

78.     Plaintiffs and the Class Members have been available and ready to receive wages owed to them.

79.     Plaintiffs and the Class Members have never refused to receive any payment, nor have they been absent from their place of residence.

80.     Defendant's failure to pay wages due and owing Plaintiffs and the Class, as indicated in prior paragraphs, was willful; Defendant has knowingly refused to pay any portion of the amount due and owing Plaintiffs and the Class.

81.     Pursuant to Labor Code §§218.5 and 1194, Plaintiffs and these Sub-Class Members request that the Court award reasonable attorney fees and costs incurred in this action. Plaintiffs and these Sub-Class Members further request all unpaid wages, waiting time penalties and interest.

/ / /

## SIXTH CAUSE OF ACTION

**Violation of Labor Code § 226(a) – Non-Compliant**

**Wage Statements**

**(Against Defendant)**

82.     Plaintiffs reallege and incorporate herein by reference each allegation in the preceding and subsequent paragraphs.

83.     At all relevant times, Plaintiff Terrence Pratt and the Class Members were employees of Defendant covered by Labor Code § 226.

84.     Pursuant to Labor Code § 226(a), Plaintiff Pratt and the Class Members were entitled to receive, semi-monthly or at the time of each payment of wages, an accurate, compliant, itemized statement showing gross wages earned; net wages earned; all applicable hourly rates in effect during the pay period; the corresponding number of hours worked at each hourly rate by the employee; and detailed information separately itemizing the hours, and rates of compensation.

85.     Defendant failed to provide Plaintiff Pratt and the Class Members accurate, compliant, itemized wage statements in accordance with Labor Code § 226(a). Plaintiff is informed and believes and thereon alleges that at all relevant times since one (1) year preceding the filing of the Complaint in this action (the "Penalty Period"), Defendant maintained and continues to maintain a policy or practice of failing to pay minimum and overtime wages, failing to accurately record all hours actually worked, failing to pay meal break premium payments, failing to pay rest period premium payments to Plaintiff and the Class Members in California, and failing to itemize the applicable rates of compensation and hours. Defendant's practice resulted and continues to result in the issuance of 'wage statements' to Class Members that do not show the correct amount of gross wages earned, the correct amount of net wages earned, the correct number of hours worked, the correct hourly rates of pay in effect for each hour worked, and the correct deductions made thereto for taxing authority purposes.

86.     Defendant's failure to provide Plaintiff Pratt and the Class Members with accurate, compliant, itemized wage statements was knowing and intentional. Defendant had the ability to provide Plaintiff and the class embers with accurate wage statements, but intentionally provided 'wage statements'

that Defendant knew were not accurate or compliant.

87.     As a result of Defendant's conduct, Plaintiff Pratt and the Class Members have suffered injury. The absence of accurate and complete information on their wage statements has prevented timely challenges to Defendant's unlawful pay practices, required discovery and mathematical computations to determine the amount of wages owed and number of hours actually worked, caused difficulty and expense in attempting to reconstruct time and pay records, and led to the submission of inaccurate information about wages and deductions to state and federal government agencies.

88.     Pursuant to Labor Code § 226(e), Plaintiff Pratt and the Class Members are each entitled to recover fifty dollars ($50) for the initial pay period during the Penalty Period in which a violation of Labor Code § 226 occurred and one hundred dollars ($100) for each violation of Labor Code § 226 in a subsequent pay period during the Penalty Period, not to exceed an aggregate penalty of four thousand dollars ($4,000) per employee.

89.     Pursuant to Labor Code § 226(h), Plaintiff Pratt and the Class Members are entitled to bring an action for injunctive relief to ensure Defendant's compliance with Labor Code § 226(a). Injunctive relief is warranted because Defendant continues to provide currently employed Class Members with inaccurate, deficient, non-compliant 'wage statements' in violation of Labor Code § 226(a) and currently employed Class Members have no adequate legal remedy for the continuing injuries that will be suffered as a result of Defendant's ongoing unlawful conduct. Injunctive relief is the only remedy available for ensuring Defendant's compliance with Labor Code § 226(a).

90.     Pursuant to Labor Code § 226(e), Plaintiff Pratt and the Class Members are entitled to recover the full amount of penalties due under Labor Code § 226(e), reasonable attorney's fees and costs of suit.

## SEVENTH CAUSE OF ACTION

### Failure to Reimburse Expenses in Violation of Labor Code § 2802

### (Against Defendant)

91.     Plaintiffs reallege and incorporate herein by reference each allegation in the preceding and subsequent paragraphs.

19

**FIRST AMENDED COMPLAINT**

92.     California Labor Code §2802 provides that California employees must be reimbursed for their employment-related business expenses.

93.     California Labor Code§2802 states in pertinent part that "[a]n employer shall indemnify his or her employee for all necessary expenditures or losses incurred by employee in direct consequence of the discharge of his or her duties, or of his or her obedience to the directions of the employer, even though unlawful, unless the employee, at the time of obeying the directions, believed them to be unlawful."

94.     Defendant violated, and is continuing to violate, §2802 by requiring Plaintiffs and the Class Members to incur costs and other expenses related to the performance of their job duties, including but not limited to gasoline, insurance and maintenance, mileage and other unreimbursed expenses, all without full reimbursement therefor.  By this and similar acts, the Defendant has violated §2802.

95.     Plaintiffs and the Class Members have incurred such reasonable and necessary business expenses in order to perform their job as required by Defendant, and for the benefit of Defendant, but were not fully reimbursed.  Plaintiffs and the Class Members have sustained damages and losses in the amount of the expenses incurred by them as required by Defendant for the necessary discharge of their duties.

96.     California Labor Code §2802(2) provides that the employee may recover all reasonable costs, including attorneys' fees, for enforcing the employee's rights under this section.  Plaintiffs and the Class Members have incurred costs and attorneys' fees and will continue to incur costs and attorneys' fees to enforce their rights under § 2802.  Plaintiffs and the Class Members are entitled to recover their reasonable attorneys' fees and costs in an exact amount to be proved at trial.

## EIGHTH CAUSE OF ACTION

**Violation of the Unfair Competition Law Business & Professions Code § 17200, et seq.**

**(Against Defendant)**

97.     Plaintiffs reallege and incorporate herein by reference each allegation in the preceding and subsequent paragraphs.

20

**FIRST AMENDED COMPLAINT**

98.    Defendant engaged in unlawful activity prohibited by Bus. & Prof. Code §17200, *et seq.* The actions of Defendant as alleged within this Complaint constitute unlawful and unfair business practices with the meaning of Bus. & Prof. Code §17200, *et seq.*

99.    Defendant has conducted the following unlawful activities:

(a)    violations of Labor Code § 1194, and the applicable IWC Wage Order, by failing to compensate Plaintiffs and the Class Members minimum wages and overtime wages;

(b)    violations of Labor Code §§ 201, 202 and 203 by failing to compensation Plaintiffs and the Class Members for wages and penalties owed post-resignation and termination;

(c)    violations of Labor Code § 226.7 and the applicable IWC Wage Order by failing authorize and permit rest periods to Plaintiffs and Class Members and by failing to provide one hour of pay at Plaintiffs' and the Classes' regular rates of compensation for each work day that compliant rest periods were not provided;

(d)    violations of Labor Code §§ 226.7 and 512 and the applicable IWC Wage Order by failing to provide Plaintiffs and the Class with compliant meal periods and by failing to provide one hour of pay at Plaintiffs' and the Classes' regular rates of compensation for each work day that compliant meal periods were not provided;

(e)    violations of Labor Code § 226, by failing to provide Plaintiff and the Class Members with accurate and compliant payroll records;

(f)    violations of Labor Code § 558 for failing to timely pay Plaintiff Pratt and the Class Members all wages due and for violating the Labor Code section concerning working hours; and,

(g)    violations of Labor Code § 2802 for failing to reimburse Plaintiffs and the Class Members all necessary and reasonable business expense incurred in performing their work for Defendant.

100.    Defendant's activities also constitute unfair practices in violation of Bus. & Prof. Code§§ 17200, *et seq.*, because Defendant's practices violate the above noted laws, and/or

21
**FIRST AMENDED COMPLAINT**

violate an established public policy, and/or the practice is immoral, unethical, oppressive,
unscrupulous, and substantially injurious to Plaintiffs and the Class Members.

101.    The identified violations of the Labor Code, IWC Wage Order, Regulations, laws,
and public policy constitute business practices because they were done repeatedly over time and
in a systematic manner to the detriment of Plaintiffs and the Class Members.

102.    Because of Defendant's violations of the Labor Code, IWC Wage Order, Regulations,
laws, and public policy, Plaintiffs and the Class Members have suffered injury-in-fact and have lost
money or property because of Defendant's practices. This injury-in-fact and loss of money or property
consists of the lost wages and other restitutionary remedies provided by the Labor Code, Regulations,
IWC Wage Order, laws and public policy as detailed in this Complaint and other resulting harms.
Plaintiffs and the Class Members are entitled to restitution, an injunction, declaratory, and other
equitable relief against such unlawful practices to prevent future damage for which there is no adequate
remedy at law.

103.    As a direct and proximate result of the unfair business practices of Defendant, Plaintiffs
and the Class Members are entitled to equitable and injunctive relief, including full restitution of all
wages which have been unlawfully lost as a result of the business acts and practices described herein
and enjoining Defendant to cease and desist from engaging in the practices described herein for the
maximum time permitted pursuant to Bus. & Prof. Code §17208, including any tolling.

104.    The unlawful and unfair conduct alleged herein is continuing. Plaintiffs believe and
allege that if Defendant is not enjoined from the conduct set forth in this Complaint, it will continue
to violate the noted laws.

105.    Plaintiffs and the Class Members are also entitled to and hereby claim attorneys' fees
and costs, pursuant to the private attorney general theory doctrine (Code of Civil Procedure §1021.5),
and any other applicable provision for attorney fees and costs, based upon the violation of the
underlying public policies.

/ / /

/ / /

## NINTH CAUSE OF ACTION

**For Civil Penalties Under the Private Attorneys General Act of 2004,**

**Labor Code § 2699 et seq.**

**(Against Defendant on Behalf of Plaintiffs and the Class)**

106.     Plaintiffs reallege and incorporate herein by reference each allegation in the preceding and subsequent paragraphs.

107.     Plaintiffs bring this cause of action against Defendant in their capacity as private attorney generals (proxy or agent of the State of California), on behalf of themselves and all other aggrieved employees, to recover civil penalties under the Private Attorneys General Act of 2004, which is codified in Labor Code § 2699 et seq. (herein "PAGA"), for Defendant's violations of the Labor Code enumerated herein.

108.     Plaintiffs are informed, believe, and thereon allege that at all times pertinent hereto Plaintiffs and members of the Class were "aggrieved employees" of Defendant, as that phrase is statutorily defined pursuant to Labor Code §2699(c); in particular, Plaintiffs and members of the Class were employed by the alleged violators (i.e., Defendant), and against whom one or more of the alleged violations was committed.

109.     Plaintiffs have complied with all procedural requirements of the PAGA.

110.     In particular, on July 3, 2024, Plaintiffs, on behalf of themselves and all those similarly situated gave written notice by E-Filing and certified mail to the California Labor and Workforce Development Agency and Defendant of the specific provisions of the Labor Code alleged to have been violated by Defendant, including the facts and theories to support the alleged violations.

111.     A true and correct copy of aggrieved employees, Plaintiffs' Notice to the California Labor and Workforce Development Agency and Defendant is attached hereto as **Exhibit "A"** and incorporated herein by this reference.

112.     Plaintiffs are informed, believe, and thereon allege that they are statutorily authorized to commence a civil action against Defendant pursuant to the PAGA, including Labor Code §§2698, 2699, 2699.3 and 2699.5, as either the California Labor and Workforce Development has notified the

23

**FIRST AMENDED COMPLAINT**

employer and Plaintiffs by certified mail that it does not intend to investigate the alleged violation within sixty-five (65) calendar days of the postmark date of their receipt of the Notice or at least sixty-five (65) calendar days have elapsed from the postmark date of the Notice with the California Labor and Workforce Development having not provided notification of any intention to investigate the alleged violations.

113.    Plaintiffs are informed, believe, and thereon allege that at all times pertinent hereto, Labor Code §2699.3(a)(2)(C) provided, "Notwithstanding any other provision of law, a plaintiff may as a matter of right amend an existing complaint to add a cause of action arising under this part at any time within 60 days of the time periods specified in this part."

114.    Pursuant to California Labor Code § 2699.5, a violation of Labor Code § 226.8 may form the basis for a PAGA action against Apria.

115.    Labor Code § 226.8 provides that it is unlawful for any person or employer to engage in willful misclassification of an individual as an independent contractor.

116.    Plaintiffs are informed, believe, and thereon allege that during Plaintiffs' and Class Members' employment with Apria, Apria knowingly and willfully misclassified Plaintiffs and other drivers it hired to provide delivery services to Apria customers as independent contractors.   Such conduct continued even after the court in *Quintero v. Apria Healthcare LLC*, LASC Case No. 20STCV42367 involving Apria drivers, granted summary adjudication on February 1, 2024 in the plaintiff's favor on Apria's affirmative defense asserting that the plaintiff and class were not its employees.  Although such ruling eliminated Apria's "not an employer" defense, Apria continued its practice of hiring drivers to provide delivery services for its customers and continued its practice of misclassifying the drivers as independent contractors.  Plaintiffs allege that Defendant has thus engaged in a pattern and practice of violations of Labor Code § 226.8.

117.    Labor Code § 226.8 provides that:

(b) If the Labor and Workforce Development Agency or a court issues a determination that a person or employer has engaged in any of the enumerated violations of subdivision (a), the person or employer shall be subject to a civil penalty of not less than five thousand dollars ($5,000)

and not more than fifteen thousand dollars ($15,000) for each violation, in addition to any other penalties or fines permitted by law.

(c) If the Labor and Workforce Development Agency or a court issues a determination that a person or employer has engaged in any of the enumerated violations of subdivision (a) and the person or employer has engaged in or is engaging in a pattern or practice of these violations, the person or employer shall be subject to a civil penalty of not less than ten thousand dollars ($10,000) and not more than twenty-five thousand dollars ($25,000) for each violation, in addition to any other penalties or fines permitted by law.

. . .

(i)        For purposes of this section, the following definitions apply:

. . .

(4) "Willful misclassification" means avoiding employee status for an individual by voluntarily and knowingly misclassifying that individual as an independent contractor.

118.    Plaintiffs and the Class Members are entitled to recover such civil penalties on behalf of themselves and others similarly situated under Labor Code § 226.8

## PRAYER FOR RELIEF

WHEREFORE, Plaintiffs, individually and on behalf of the putative Class prays for judgment as follows:

A.        That the Court determine that this action may be maintained as a class action with the named Plaintiffs appointed as Class representatives;

B.        For the attorneys appearing on the above caption to be named Class counsel;

C.        For nominal, actual, and compensatory damages, including lost wages, according to proof at trial;

D.        For restitution of all monies, wages, expenses, and costs due to Plaintiffs and the Class;

E.        For waiting-time penalties under Labor Code § 203;

25
**FIRST AMENDED COMPLAINT**

F.     For a disgorgement of profits from the unlawful and unfair business practices in Violation of Bus. & Prof. Code §17200, *et seq.*;

G.     For reasonable attorneys' fees, costs and expenses pursuant to Labor Code § 1194, Code of Civil Procedure §1021.5;

H.     For pre-judgment and post-judgment interest to the extent allowable by law;

I.     For all applicable penalties, whether civil or statutory, recoverable under Labor Code §§ 226 and 558, and as otherwise authorized by statute or law.

J.     For an injunction restraining Defendant from continuing to engage in unlawful and unfair business practices in violation of Bus. & Prof. Code §17200, *et seq.*;

K.     For civil penalties and related relief as provided for in California Labor Code § 226.8 and §2699 et seq.;

L.     For any other appropriate declaratory relief; and

M.     For all such other and further relief that the Court may deem just and proper.

### DEMAND FOR JURY TRIAL

Plaintiffs, individually, and on behalf of the Class Members, hereby demand a jury trial.


Dated:   September 9, 2024          LAW OFFICES OF ALEJANDRO P GUTIERREZ INC

                                                    *Alejandro P. Gutierrez*
                                    By_____
                                                    Alejandro P. Gutierrez
                                                    Attorneys for Plaintiffs Angela Tisdale and Terrence Pratt and
                                                    the Putative Class

# EXHIBIT A

# ALEJANDRO P. GUTIERREZ
# ATTORNEY AT LAW – EMPLOYMENT LAW

_____

July 3, 2024

Labor and Workforce Development Agency                    *VIA CERTIFIED MAIL;*
Department of Industrial Relations                       *ALSO VIA WEB PORTAL AT:*
Accounting Unit                                          https://dir.tfaforms.net/
455 Golden Gate Avenue, 10th Floor
San Francisco, CA 94102


Daniel J. Starck, CEO                                    *VIA CERTIFIED MAIL*
Apria Healthcare LLC
7353 Company Drive
Indianapolis, IN 46237-9274

> Re:    *Angela Tisdale and Terrence Pratt v. Apria Healthcare Group, Inc.* – Notice of
>        Labor Code Private Attorneys General Act Claims and Intent to Pursue Civil
>        Action

To Whom It May Concern:

This office represents Angela Tisdale and Terrence Pratt ("Plaintiffs") in their claims for violations of California wage-and-hour statutes and regulations by Apria Healthcare Group, Inc. (herein, "Apria" or the "Employer"). Plaintiffs intend to file a civil lawsuit on behalf of themselves sand all other similarly-situated individuals against Apria to recover wages and statutory penalties under California statutes and regulations.

Additionally, our clients intend to seek recovery of all available civil penalties under the Private Attorneys General Act ("PAGA"). This correspondence is being sent, pursuant to the provisions of California Labor Code § 2699.3, in order to allow Plaintiffs, on behalf of themselves and all other similarly-situated individuals, to collect the civil penalties associated with the violations of the following statutes and regulations in their civil lawsuit against Apria.

## **BACKGROUND**

These are the facts as we presently understand them, as matters pertain to Plaintiffs and the putative and/or representative class of workers Plaintiffs intend to represent – *i.e.*:

Letter to Labor Workforce and
Development Agency
Re: PAGA claims
July 3, 20024
Page 2

> All current and former employees of Employer who have worked in California in the position of driver during the period from July 3, 2023, but were willfully misclassified as independent contractors (herein, the "Drivers" or the "Putative Class"). These include all individuals who were identified on Route Sheets filled out by such individuals, but who were not paid as W-2 employees.

Pursuant to its own website, Apria is a business which sells and delivers healthcare equipment to its customers. It operates from multiple facilities in California. Plaintiffs worked for the Company as drivers providing delivery service to the customers of Employer exclusively in California. They filled out "Route Sheets" as required by Apria which identified them as employees. They only performed delivery services in a van-type vehicles for Apria pursuant to the directions provided by Apria personnel. They were required to use their personal vehicle for such deliveries.

During their employment, Plaintiffs were not paid for overtime, double-time, were not provided paid rest breaks, or meal periods. Further, they were not reimbursed for mileage/expenses as required by law. Defendant also failed to provide Plaintiffs with accurate itemized wage statements as required by law.

On or about February 1, 2024, in the certified class action of *Quintero v. Apria Healthcare,et al*., Los Angeles Superior Court Case No.: 20STCV42367, the Court made its ruling attached hereto as Exhibit A (hereafter, the "Adjudication Ruling"). Plaintiff Quintero and the certified class he represents are current and former employees of Apria who have worked in California in the position of driver during the period from November 1, 2016, through the Court's Ruling on the Motion for Class Certification filed on September 14, 2021. The Quintero certified class includes individuals who were identified as employees on route Sheets filled out by such individuals, but were not paid by Apria as W-2 employees.

The Adjudication Ruling effectively adjudicated that Quintero and the certified class of drivers hired by Apria to provide delivery services to Apria customers in California between November 1, 2016, and September 14, 2021 were *employees* of Apria and <u>not</u> independent contractors.

Plaintiffs are informed and believe that despite the Ruling, Apria continues to willfully misclassify drivers it hires to provide delivery services in California to Apria customers as independent contractors.

Letter to Labor Workforce and
Development Agency
Re: PAGA claims
July 3, 20024
Page 3

## THE LAW

The actions of the Apria described above violate California law.

Plaintiffs will seek wages and statutory penalties against Apria for these violations. Penalties sought arise from claims for alleged violations of California Labor Code § 226.8 (i) willful misclassification of Plaintiffs and all other aggrieved employees as independent contractors; and (ii) a pattern or practice of willful misclassification of Plaintiffs and aggrieved employees as independent contractors.

### A. Willful Misclassification of Workers as Independent Contractors

Labor Code § 226.8 provides as follows:
(a) It is unlawful for any person or employer to engage in any of the following activities:
   (1) Willful misclassification of an individual as an independent contractor."

During Plaintiffs' employment with Apria, Apria knowingly and willfully misclassified Plaintiffs and other drivers it hired to provide delivery services to Apria customers as independent contractors. Further, based on the Ruling in the *Quintero* action, and Apria's continued practice of hiring drivers to provide delivery services for its customers and continued practice of misclassifying the drivers as independent contractors, Apria has engaged in a pattern and practice of violations of Labor Code § 226.8.

## PAGA CIVIL PENALTIES

### Violations and Civil Penalties Sought

**Labor Code** § 226.8 provides as follows:

(b) If the Labor and Workforce Development Agency or a court issues a determination that a person or employer has engaged in any of the enumerated violations of subdivision (a), the person or employer shall be subject to a civil penalty of not less than five thousand dollars ($5,000) and not more than fifteen thousand dollars ($15,000) for each violation, in addition to any other penalties or fines permitted by law.
(c) If the Labor and Workforce Development Agency or a court issues a determination that a person or employer has engaged in any of the enumerated violations of subdivision (a) and the person or employer has engaged in or is engaging in a pattern or practice of these violations, the person or employer shall be subject to a civil penalty of not less than ten thousand dollars ($10,000) and not more than twenty-

Letter to Labor Workforce and
Development Agency
Re: PAGA claims
July 3, 20024
Page 4

       five thousand dollars ($25,000) for each violation, in addition to any other penalties or fines permitted by law.

          ......

(i)      For purposes of this section, the following definitions apply:

          ......

       (4) "Willful misclassification" means avoiding employee status for an individual by voluntarily and knowingly misclassifying that individual as an independent contractor.

Plaintiffs intend to pursue civil penalties on behalf of themselves and all others similarly-situated under Labor Code § 226.8.

<u>**CONCLUSION**</u>

      Pursuant to California Labor Code § 2699.5, a violation of the above-cited statutes and regulations may form the basis for a PAGA action against Apria.  However, as required by law, aggrieved employees like Ms. Tisdale and Mr. Pratt must first give the Labor and Workplace Development Agency the opportunity to pursue the offending employer before bringing their own PAGA action to collect civil penalties associated with the violation of the above-cited statutes and regulations.

      In addition, pursuant to this letter and the enclosures, Ms. Tisdale and Mr. Pratt are complying with the updated requirements for PAGA claims; specifically, this claim notice letter will also be filed online, with copies sent by certified mail to the employer.  Enclosed is a filing fee of $75, as required by the amended statute.

      Please let me know if your agency intends to investigate the matter.  If not, Ms. Tisdale and Mr. Pratt intend to pursue their PAGA claims in a civil action, pursuant to law.

                Very truly yours,

                LAW OFFICES OF ALEJANDRO P GUTIERREZ INC

                *Alejandro P. Gutierrez*

                Alejandro P. Gutierrez

APG
Enclosure(s):
     (1) Filing fee payment

| **From:** | noreply@salesforce.com on behalf of LWDA DO NOT REPLY |
| **To:** | Coleen De Leon |
| **Subject:** | Thank you for submission of your PAGA Case. |
| **Date:** | Wednesday, July 3, 2024 2:35:00 PM |

7/3/2024

LWDA Case No. LWDA-CM-1037853-24
Law Firm : Law Offices of Alejandro P Gutierrez Inc
Plaintiff Name : Angela Tisdale
Employer: Apria Healthcare LLC
Filing Fee : $75.00
IFP Claimed : No

Item submitted: Initial PAGA Notice

Thank you for your submission to the Labor and Workforce Development Agency. Please make a note of the LWDA Case No. above as you may need this number for future reference when filing any subsequent documents for this Case.

If you have questions or concerns regarding this submission or your case, please send an email to pagainfo@dir.ca.gov.

DIR PAGA Unit on behalf of
Labor and Workforce Development Agency

Website: http://labor.ca.gov/Private_Attorneys_General_Act.htm

**PROOF OF SERVICE**

**STATE OF CALIFORNIA**

**COUNTY OF VENTURA**

I am employed in the County of Ventura, State of California.  I am over the age of eighteen years and not a party to the within action.  My business address is 978 Loma Vista Pl, Santa Paula, CA 93060.

On the date below, I caused to be served a true and correct copy of the foregoing document described as **FIRST AMENDED CLASS-ACTION COMPLAINT** on interested parties in this action as follows:

| | |
|---|---|
| Nathan W. Austin, Esq. *VIA E-MAIL* <br> **JACKSON LEWIS P.C.** <br> 400 Capitol Mall, Suite 1600 <br> Sacramento, California 95814 <br> Phone: 916-341-0404 <br> Facsimile: 916-341-0141 <br> Email: *nathan.austin@jacksonlewis.com* | *Attorneys for Defendant* <br> *APRIA HEALTHCARE, LLC* |

[X ]   **E-MAIL** - by electronically mailing the document(s) listed above to the e-mail address(es) set forth above, or as stated on the attached service list per agreement of the parties.

[X]   (**State**)  I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

Executed on September 9, 2024 at Ventura, California.

*Coleen De Leon*

_____
Coleen De Leon

27
**FIRST AMENDED COMPLAINT**