UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA
CIVIL MINUTES – GENERAL

| | |
|---|---|
| Case No. 2:24-cv-09620-AH-(PVCx) | Date January 2, 2025 |
| Title *Angela Tisdale et al. v. Apria Healthcare LLC* | |

Present: The Honorable  Anne Hwang, United States District Judge

| Yolanda Skipper | Not Reported |
|---|---|
| Deputy Clerk | Court Reporter |

| Attorney(s) Present for Plaintiff(s): | Attorney(s) Present for Defendant(s): |
|---|---|
| None Present | None Present |

**Proceedings:**   ORDER DENYING MOTION TO REMAND [13]

Plaintiffs Angela Tisdale et al. ("Plaintiffs") move to remand this case to the Los Angeles County Superior Court. Mot. to Remand ("Motion"), Dkt. No. 13. Defendant Apria Healthcare LLC ("Defendant") opposes the motion.[1] Opp'n, Dkt. No. 17. Plaintiffs reply. Reply, Dkt. Nos. 18, 19. The Court deems the motion appropriate for decision without oral argument. Fed. R. Civ. P. 78(b); L.R. 7-15.

I.   **BACKGROUND**

This is a class action brought under California Code of Civil Procedure Section 382. FAC, Dkt. No. 1-7, ¶ 1. Plaintiffs allege violations of various state labor codes, the California Unfair Competition law (the "UCL"), Business and Professions Code § 17200, et seq., and civil penalties under the Private Attorneys General Act ("PAGA"). *Id.* ¶ 7. Plaintiffs initiated this proceeding in the Los Angeles County Superior Court, No. 24STCV16583. *See generally id.*

---

[1] The Court does not address Defendant's objections to the Declaration of B. Hefelfinger because consideration of the declaration does not affect the ruling herein.

Plaintiffs contend that they "commenced this case as a 'follow on' class action to the *Quintero v. Apria Healthcare LLC* matter." Mot. To Remand at 1. The *Quintero* case has been ongoing in the Los Angeles County Superior Court (Case No. 20STCV42367) since November 3, 2020. *Id.* at 2. On September 25, 2024, the parties in *Quintero* participated in a mediation and, as of the time this Motion was filed, were "presently working toward preliminary approval of that settlement." *Id.* at 3. Plaintiffs provide that "the *Quintero* certified class implicates wage/hour violations for couriers that drove for Apria between November 1, 2016 and September 14, 2021 (the *Quintero* class certification date), but it implicates PAGA violations for all misclassified California couriers for the period from November 1, 2019 to the present day." *Id.*

The Class Action Complaint in the current matter was filed on July 3, 2024 in the Los Angeles County Superior Court (Case No. 24STCV16583). *Id.* at 3-4. The complaint includes the same California Labor Code violations as *Quintero*, and an additional cause of action for civil penalty under PAGA. *Id.* at 4. Plaintiffs provide that this new complaint was filed to include "additional couriers [that] have entered into the same position but are not members of the *Quintero* certified class" from September 2021. *Id.*

"On or about September 4, 2024, the Superior Court found that the *Quintero* and *Tisdale/Pratt* cases [were] related and assigned them to Judge Carolyn B. Kuhl in Department 12." *Id.* at 8. Of particular relevance to this motion, "[o]n August 1, 2024, Class Counsel emailed Apria Counsel a link to comprehensive transportation management system (TMS) data relating to the couriers… upon which calculations for expert discovery and mediation (and trial) would be made." *Id.* Additionally, "[o]n or about September 18, 2024, Plaintiffs' counsel served the Plaintiff's expert witness report in *Quintero*," which detailed the average damages for the *Quintero* case. *Id.* at 9.

"On October 23, 2024, Plaintiffs' counsel sent an email asking whether Defendant was interested in early settlement." Opp'n at 6. During the settlement negotiations, Plaintiffs stated the settlement demand was "the same formulaic breakdown which resulted in the *Quintero* matter [the equivalent gross dollar amounts per individual work week per class member that were used for resolution in the *Quintero* matter]." *Id.* at 7. Defendant states in their opposition that "[u]p until that point, Plaintiffs' counsel had not identified the amount in controversy in *Tisdale/Pratt* in any way other than in the Complaint[s]." *Id.* Asserting diversity

jurisdiction, Defendant removed the case to federal court on November 6, 2024. Notice of Removal.

## II.   LEGAL STANDARD

"Federal courts are courts of limited jurisdiction." *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994). A defendant may remove a civil action in state court to federal court if the federal court has original jurisdiction. 28 U.S.C. § 1441(a). "CAFA gives federal district courts original jurisdiction over class actions in which the class members number at least 100, at least one plaintiff is diverse in citizenship from any defendant, and the aggregate amount in controversy exceeds $5 million, exclusive of interest and costs." *Ibarra v. Manheim Invs., Inc.*, 775 F.3d 1193, 1195 (9th Cir. 2015). "A CAFA case may be removed at any time, provided that neither of the two thirty-day periods under § 1446(b)(1) and (b)(3) has been triggered." *Roth v. CHA Hollywood Med. Ctr., L.P.*, 720 F.3d 1121, 1126 (9th Cir. 2013) (citations omitted).

"Where…it is unclear or ambiguous from the face of a state-court complaint whether the requisite amount in controversy is pled, the removing defendant bears the burden of establishing, by a preponderance of the evidence, that the amount in controversy exceeds the jurisdictional threshold." *Fritsch v. Swift Transp. Co. of Ariz., LLC*, 899 F.3d 785, 793 (9th Cir. 2018) (internal quotation marks and citation omitted). "If at any time before final judgment it appears that the district court lacks subject matter jurisdiction, the case shall be remanded." 28 U.S.C. § 1447(c). "Federal jurisdiction must be rejected if there is any doubt as to the right of removal in the first instance." *Gaus v. Miles, Inc.*, 980 F.2d 564, 566 (9th Cir. 1992) (citation omitted).

## III.   DISCUSSION

The parties dispute whether the removal was timely. The parties do not dispute that damages in this case are above $5,000,000 or that all other jurisdictional elements of CAFA have been met.

### A.   The Notice of Removal was Timely Filed

28 U.S.C. § 1446 governs timely removal, which outlines two different time limits in two different scenarios. If the case stated by the initial pleading is

removable, then the notice of removal must be filed within thirty (30) days after the defendant receives the pleading or summons, whichever period is shorter. 28 U.S.C. § 1446(b)(1). Alternatively, if the initial pleading does not provide a basis for removal, then the defendant may file a notice of removal within thirty (30) days after receiving "a copy of an amended pleading, motion, order or other paper from which it may first be ascertained that the case…has become removable." 28 U.S.C. § 1446(b)(3).

When a pleading is "'indeterminate' with respect to removability," a defendant "does not lose the right to remove because it did not conduct . . . an investigation and then file a notice of removal within thirty days of receiving the indeterminate document." *Roth v. CHA Hollywood Med. Ctr., L.P.*, 720 F.3d 1121, 1125 (9th Cir. 2013). A pleading is "indeterminate" when "the face of the complaint does not make clear whether the required jurisdictional elements are present." *Kuxhausen v. BMW Fin. Servs. NA LLC*, 707 F.3d 1136, 1139 (9th Cir. 2013). "[D]efendants need not make extrapolations or engage in guesswork; yet the statute requires a defendant to apply a reasonable amount of intelligence in ascertaining removability. Multiplying figures clearly stated in a complaint is an aspect of that duty." *Id.* at 1140 (citation and internal quotation marks omitted).

Plaintiffs first claim that Defendant "should have known from the face of Plaintiffs' July 3, 2024 Complaint that the amount in controversy exceeded $5 million." Mot. to Remand at 1. However, both the Complaint and the September 9, 2024 FAC allege that "the aggregate amount in controversy… is less than five million dollars ($5,000,000)[.]" Compl., Dkt. 1-7 ¶11; FAC, Dkt. 1-7 ¶11. Plaintiffs do not address in either the motion or the reply brief that their own pleadings alleged damages that would not permit removal.

Plaintiffs next argue that the history in the separate *Quintero* matter, and specifically "other papers" from August 1, 2024 and September 18, 2024, provided sufficient information for Defendant to ascertain that the case was removable. However, other than the September 18 expert report, all the other information predated the September 9 FAC again alleging damages less than $5,000,000. Here, Plaintiffs' pleadings *in this case* clearly stated that the amount in controversy was under $5,000,000. Regardless of documents presented in the separate *Quintero* matter, Defendant had no reason to further investigate Plaintiff's allegations that the amount in controversy for *this* matter was less than $5,000,000 until the settlement demand in this case on October 23, 2024.

Moreover, even if the September 18 expert report in a related case was somehow considered an "other paper" in this case, the report alone would not "make a ground for removal unequivocally clear and certain[.]" *Dietrich v. The Boeing Co.*, 14 F.4th 1089, 1095 (9th Cir. 2021) ("Applying the 'unequivocally clear and certain' standard, an amended pleading, motion, order, or other paper must make a ground for removal unequivocally clear and certain before the removal clock begins under the second pathway of § 1446(b)(3)."). The grounds for removal did not become clear until Plaintiffs clarified the amount in controversy for the first time in the October 23, 2024 to November 1, 2024 settlement discussions. Given that the notice of removal was filed on November 6, 2024, removal by Defendant was timely.

### D.    The Court Declines to Award Plaintiffs Attorney's Fees

Plaintiffs request the Court to award costs and attorney's fees in the amount of $12,575.00.  For the following reasons, the Court denies Plaintiffs' request.

"Absent unusual circumstances, courts may award attorney's fees under [28 U.S.C.] § 1447(c) only where the removing party lacked an objectively reasonable basis for seeking removal."  *Martin v. Franklin Cap. Corp.*, 546 U.S. 132, 141 (2005).  Where an objectively reasonable basis for removal exists, attorney's fees may not be granted.  *See Lussier v. Dollar Tree Stores, Inc.*, 518 F.3d 1062, 1065 (9th Cir. 2008) ("removal is not objectively unreasonable solely because the removing party's arguments lack merit, or else attorney's fees would always be awarded whenever remand is granted").

In light of the Court's ruling herein, attorney's fees are not warranted.

### IV.    CONCLUSION

For the foregoing reasons, the Court DENIES Plaintiffs' motion to remand and request for attorney's fees.

**IT IS SO ORDERED.**